**BAKER & HOSTETLER LLP**
Sylvia J. Kim, SBN 258363
*sjkim@bakerlaw.com*
Transamerica Pyramid
600 Montgomery Street, Suite 3100
San Francisco, CA 94111-2806
Telephone: 415.659.2600
Facsimile: 415.659.2601

**BAKER & HOSTETLER LLP**
Kerri H. Sakaue, SBN 301043
*ksakaue@bakerlaw.com*
Matthew P. Eaton, SBN 353597
*meaton@bakerlaw.com*
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4508
Telephone: 310.820.8800
Facsimile: 310.820.8859

Attorneys for Defendants
SYSCO SAN DIEGO, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY COLBOURNE, an individual, on behalf of himself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SYSCO SAN DIEGO INC., a Delaware corporation; and DOES 1 through 50,<br><br>Defendants. | CASE NO. **'25CV2491 RBM MSB**<br><br>[San Diego Superior Court Case No. 25CU043442C]<br><br>**DEFENDANT SYSCO SAN DIEGO, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>Action Filed: August 18, 2025 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant SYSCO SAN DIEGO INC ("**Sysco San Diego**"), by and through its undersigned counsel, hereby removes the above-captioned action from the Superior Court of the State of California in and for the County of San Diego (the "**State Court**") to this Court on the grounds that this Court has original jurisdiction over this action pursuant to federal question jurisdiction (28 U.S.C. §§ 1331, 1441(a), 1446), and on all other grounds for jurisdiction to the extent applicable, including supplemental jurisdiction, jurisdiction pursuant to the Class Action Fairness Act ("**CAFA**"), and traditional diversity jurisdiction. In support of this Notice of Removal, and in accordance with 28 U.S.C. § 1446, Defendant aver as follows:

## STATUS OF THE PLEADINGS AND PROCESS

1. On August 18, 2025 Plaintiff ANTHONY COLBOURNE filed a class action complaint (the "**Complaint**") against Sysco San Diego in the State Court, styled as *Anthony Colbourne, an individual, on behalf of himself and others similarly situated vs. Sysco San Diego Inc., a Delaware corporation; and Does 1 to 50 inclusive*, Case No. 25CU043442C (the "**State Court Action**"). A true and correct copy of the Complaint is attached hereto as **Exhibit A**. On August 21, 2025, Sysco San Diego was personally served with copies of the Summons and Complaint. A true and correct copy of the Summons is attached hereto as **Exhibit B.**

2. The Complaint alleges the following seven California Labor Code violations: (1) failure to pay minimum/regular/prevailing/vacation wages; (2) failure to pay state overtime; (3) failure to pay wages timely; (4) failure to comply with meal and rest break laws; (5) failure to provide accurate wage statements; (6) failure to provide and maintain records; and (7) failure to reimburse expenses. Plaintiff purports to bring these causes of action on behalf of himself and "[a]ll nonexempt employees [Sysco San Diego] employed in the State of California from August 18, 2021 to the

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

present…" Exh. A, ¶ 67.

3. Sysco San Diego is informed and believes that the following additional documents are also on file in the State Court Action, which are attached hereto as the Exhibits identified below:

| Exhibit | Document |
|---|---|
| C | Civil Case Cover Sheet |
| D | Order on Court Fee Waiver - Granted |
| E | Notice of Case Assignment |
| F | Notice to Litigants |
| G | Stipulation to Alternative Dispute Resolution Process |

4. Sysco San Diego is informed and believes that, apart from the Confidential Request to Waive Court Fees (FW-001), which Plaintiff filed, the aforementioned documents and exhibits constitute all of the process, pleadings, and orders on file in the State Court Action.

5. Sysco San Diego is further informed and believes that there has been no service of process upon Defendants DOES 1 through 50, which are fictitious defendants to be disregarded for the purposes of this removal. *See* 28 U.S.C. § 1441(a).

**REMOVAL JURISDICTION – FEDERAL QUESTION**

6. Federal courts have original jurisdiction over cases founded on a claim or right "arising under the Constitution, laws, or treaties of the United States," regardless of citizenship or diversity. 28 U.S.C. §§ 1331, 1441(c). When federal question cases are brought in state court, a defendant may remove them to the federal district court embracing the place where the state court action is pending. 28 U.S.C. § 1441(a).

7. A cause of action under federal law exists for purposes of original jurisdiction and removal if the plaintiff's "well-pleaded complaint" presents a federal issue. *See, e.g., Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 9-10 (1983). Although the "well-pleaded complaint rule" generally allows a plaintiff to avoid federal jurisdiction by relying exclusively on state law, there is a well-recognized

corollary to that rule: the complete preemption doctrine. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 386-87 (1987). "Under the complete preemption doctrine, the preemptive force of a federal statute converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint." *Ayala v. Destination Shuttle Servs. LLC*, 2013 WL 12092284, at *2 (C.D. Cal., Nov. 1, 2013).

### *Labor Management Relations Act Preemption*

8. Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (the "**LMRA**"), is a federal statute that has complete preemptive force. Section 301 grants federal district courts original jurisdiction over claims for violation of contracts between an employer and a union, regardless of the citizenship of the parties. 29 U.S.C. § 185(a) ("Suits for violation of contracts between an employer and a labor organization representing employees … may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."); *see also Newberry v. Pacific Racing Ass'n*, 854 F.2d 1142, 1149-50 (9th Cir. 1988); *Scott v. Machinists Automotive Trades Dist.*, 827 F.2d 589, 594 (9th Cir. 1987).

9. Accordingly, even where, as here, a plaintiff alleges only state law claims, a federal question exists – and removal is proper – where the plaintiff's state law claims are based on the terms of a collective bargaining agreement ("**CBA**") or where resolution of those claims depends on analysis of the terms of a CBA. *See, e.g.*, *Associated Builders & Constrs. v. Local 302 IBEW*, 109 F.3d 1353, 1356 (9th Cir. 1997); *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997, 999 (9th Cir. 1987). In such cases, "complete preemption" overrides the "well-pleaded complaint rule" and the state law claims are treated as claims "arising under" federal law for jurisdictional purposes. *See Holman v. Laulo–Rowe Agency*, 994 F. 2d 666, 668 (9th Cir. 1993).[1]

---

[1] *See also Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("In such circumstances, federal law displaces a plaintiff's state-law claim, no matter how carefully pleaded."); *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir.

Put another way, a civil complaint that raises claims preempted by Section 301 raises a federal question that can be removed to a federal court. *See Metro. Life Ins. v. Taylor*, 481 U.S. 58, 65 (1987); *see also Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 558-62 (1968) (recognizing that Section 301 is a federal statute with complete preemptive force).

10. For purposes of complete preemption, and thus federal question jurisdiction, it does not matter that Plaintiff's claims purportedly arise out of state law. *See, e.g.*, *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007) ("Once preempted, 'any claim purportedly based on [a] ... state law is considered, from its inception, a federal claim, and therefore arises under federal law.'"). To determine what claims are preempted under Section 301, the Ninth Circuit has adopted a two-step inquiry. First, if the asserted cause of action involves a right that exists solely as a result of the CBA, then the claim is preempted and the analysis ends there. *Id*. Second, even if a right exists independently of a CBA under state law, if a plaintiff's state law right is substantially dependent on analysis of the CBA, then the claim is preempted. *Id.*; *see also Paige v. Henry J. Kaiser, Co.*, 826 F.2d 857, 861 (9th Cir. 2001) ("Section 301 preempts claims founded directly on rights created by collective bargaining agreements, and also claims which are substantially dependent on analysis of a collective bargaining agreement."); *see also Hyles v. Mensing*, 849 F.2d 1213, 1215-16 (9th Cir. 1988) (same). It is irrelevant that Plaintiff has pled his claims to omit any reference to federal law and/or the CBA applicable to his employment because "[m]ere omission of reference to Section 301 in the complaint does not preclude federal subject matter jurisdiction." *Fristoe v. Reynolds Afetals, Co.*, 615 F.2d 1209, 1212 (9th Cir. 1990).

11. At all times relevant, Sysco San Diego has been and is now a Delaware

---

2007) ("As a result of this broad federal mandate, the Supreme Court has explained, the 'preemptive force of section 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization.'").

corporation, operating in commerce and in an industry affecting commerce within the meaning of Sections 2(2), (6), (7) and 301(a) of the LMRA. *See* 29 U.S.C. § 152(2), (6), (7) & § 185(a). At all times during his employment with Sysco San Diego, Plaintiff was represented by a labor organization, Teamsters Local Union No. 683 (the "**Union**"), and was employed pursuant to a CBA between Sysco San Diego and the Union that covered the term of his employment with Sysco San Diego. *See* Declaration of Monica Young ("**Young Decl.**"), ¶ 5. Specifically, Sysco San Diego and the Union entered into a CBA that applied to work performed by covered employees, including Plaintiff, from November 8, 2020 to November 30, 2027 (the "**2020 CBA**") (*Id.*, ¶ 5, Exh. 1).[2]

12. Plaintiff was employed by Sysco San Diego from on or about June 10, 2024 until on or about March 28, 2025 as a commercial Semi-Trailer Driver pursuant to the 2020 CBA. *See* Young Decl., ¶ 5. The 2020 CBA addresses Plaintiff's wages, hours, and working conditions, and contains provisions specifically addressing, *inter alia*, work hours, breaks, and overtime scheduling and pay. *See id.*, Exh. 1 (2020 CBA), Articles 15, 18, and 25. For example:

(a) Article 15 – Section 1 of the 2020 CBA defines the frequency of pay for covered employees. *See id.*, p. 11.

(b) Article 15 – Sections 5 and 6 of the 2020 CBA set forth premium payments paid to employees under certain conditions. *See id.*

(c) Article 18 of the 2020 CBA governs vacation benefits, including

---

[2] The "general rule" that "a district court deciding whether to exercise removal jurisdiction must consider only the allegations in the complaint … is overridden by the artful pleading doctrine in complete preemption cases. Because complete preemption often applies to complaints drawn to evade federal jurisdiction, a federal court may look beyond the face of the complaint to determine whether the claims alleged as state law causes of action in fact are necessarily federal claims." *Parrino v. FHP, Inc.*, 146 F.3d 699, 704 (9th Cir. 1998), *superseded by statute on other grounds as recognized in Abrego Abrego*, 443 F.3d at 681. Thus, the CBA is properly presented to the Court in support of Sysco San Diego's removal. *See, e.g., Truex v. Garrett Freightlines, Inc.*, 782 F.2d 1347, 1349-50 (9th Cir. 1985) (court may look to facts outside complaint to determine whether an "artfully pleaded" claim is in reality a Section 301 claim for breach of the collective bargaining agreement).

accrual and eligibility, as well as whether vacation pay will be paid out at termination. *See id.*, pp. 15-17.

(d) Article 25 - Sections 1-5 of the 2020 CBA provide for employees' hours of work, including any guarantees to which they are entitled. *See id.*, pp. 25-26.

(e) Article 25 – Sections 6-7 of the 2020 and the Letter of Agreement dated December 9, 2020 specify when employees are entitled to take meal and rest breaks. *See id.*, p. 26 and Letter of Agreement attached to CBA.

(f) Article 25 – Sections 8-12 of the 2020 CBA govern when and at what rate overtime pay will be paid to covered employees. *See Id.*, p. 27.

(g) Addendum "A" and Letter of Agreement re: Addendum "A" to the 2020 CBA set forth the bargained for regular rates of pay for covered employees. *Id.*, pp. 30-31, 34-35.

(h) Letter of Agreement re: Uniforms and Shoe Reimbursement to the 2020 CBA sets forth uniform options and discusses reimbursements for uniforms and work shoes. *See id.*, p. 33.

13. Furthermore, the resolution procedure for addressing any grievance raised by Plaintiff during his employment was at all times set forth in and governed by Article 14 of the 2020 CBA (Grievance and Arbitration Procedures). Article 14 – Section 2 of the 2020 CBA requires union members like Plaintiff to proceed through a two-step grievance process and if that process fails to address the grievance, it requires that any grievances not resolved through the procedures set forth in that Section must be submitted to "final and binding" arbitration. *See* Young Decl., Exh. 1., pp. 9-10.

14. Plaintiff's Complaint alleges that Sysco San Diego violated numerous provisions of the California Labor Code as to him and the allegedly aggrieved employees he seeks to represent by failing to, *inter alia*, pay minimum wages, pay overtime wages, timely pay final wages, provide meal and rest periods or pay premium

pay when no meal and rest periods were provided, and to provide reimbursement for business expenses allegedly incurred. *See generally* Exh. A. However, Plaintiff's state law claims for overtime and meal break violations are governed by the CBA and therefore preempted by the LMRA, and Plaintiff failed to utilize the 2020 CBA's grievance procedure at any point prior to initiating the State Court Action.[3]

15. **Cal. Labor Code § 514 Overtime Exemption.** While the California Labor Code generally requires that overtime be paid when an employee works more than eight (8) hours in a workday or more than forty (40) hours in a workweek, *see* Cal. Lab. Code §§ 510, 511, those requirements "do **not** apply to an employee covered by a valid [CBA] if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." Lab. Code § 514 (emph. added); *see* IWC No. 9-2001 3(H) (same). "By its terms, therefore, the default definition of overtime and overtime rates in section 510 does **not** apply to an employee who is subject to a qualifying CBA." *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1153-54 (9th Cir. 2019) (emph. added).

16. Here, the elements of Section 514's exemption are met. First, as discussed above, the 2020 CBA "expressly provides for the wages, hours of work, and working conditions of the employees." Cal. Lab. Code § 514. Second, under the 2020 CBA, Plaintiff was entitled to premium wage rates for all overtime hours worked. *See* Young Decl., ¶ 5, Exh. 1, p. 27 ("Time and one-half the regularly hourly rate of pay shall be paid for all work in excess of forty hours per week."). Third, Plaintiff earned *more* than 130% of the applicable California minimum wage rates in effect during his employment. *See* Dep't of Indus. Relations, Minimum Wage, https://www.dir.ca.gov/dlse/faq_minimumwage.htm (minimum wage rate was $16.00

---

[3] Sysco San Diego does not waive, and expressly reserves, any and all defenses on the basis that Plaintiff's other claims are also preempted under the LMRA.

per hour in 2024 and $16.50 per hour in 2025). The 2020 CBA provides for a minimum regular hourly rate of pay for Semi-Trailer Drivers like Plaintiff of at least $21.96 in 2021 pursuant to the contractual wage scale for this position, and this hourly rate was set to increase by 3% each year. *See id.*, ¶ 5, Exh. 1, p. 30. Therefore, when Plaintiff began his employment with Sysco San Diego in June 2024, his base hourly rate under the CBA was at least $24.00 in 2024 and $24.72 in 2025. In fact, Plaintiff was paid a regular hourly rate of $28.00 per hour at the start of his employment through the end of November 2024 when his regular hourly rate increased to $28.84. *See* Young Decl., Exh. 2. Because the 2020 CBA meets the requirements of Section 514, Plaintiff's overtime claim is statutorily barred. *See Curtis*, 913 F.3d at 1153-54 (holding that because of § 514's application, the plaintiff's overtime claim under § 510 must be dismissed); *see also Marquez v. Toll Global Forwarding*, 804 Fed.App'x 679, 679-81 (9th Cir. May 6, 2020) (holding that § 514 statutorily barred plaintiff's overtime claim under California law); *Vranish v. Exxon Mobil Corp.*, 223 Cal.App.4th 103, 109-14 (2014) (same). Therefore, Plaintiff's "right to overtime 'exists solely as a result of the [2020] CBA,' and therefore is preempted under § 301" pursuant to the first step of the *Burnside* test. *Curtis*, 913 F.3d at 1154; *Burnside*, 491 F.3d at 1059 ("If the right exists solely as a result of the CBA, then the claim is preempted, and our analysis ends there."); *Coria v. Recology, Inc.*, 63 F.Supp.3d 1093, 1099-1100 (N.D. Cal. 2014) (holding that plaintiff's overtime claim was preempted by Section 301 LMRA because the claim fell under the § 514 exemption); *Marquez,* 804 Fed. App'x at 679-81 ("Like the plaintiff in *Curtis*, Marquez's employment with Toll Global was governed by two CBAs meeting the requirements of § 514. His unpaid overtime claim is both statutorily barred by Cal. Lab. Code § 514 and preempted by § 310 of the LMRA.").

17. Plaintiff's overtime claim is also preempted under the second step of the *Burnside* test because it cannot be adjudicated without interpreting several separate provisions of the 2020 CBA to determine the circumstances in which overtime is earned and the formula for the calculation of overtime pay. *See Lingle v. Norg Div. of*

*Magic Chef, Inc.*, 486 U.S. 399, 413 (1988) (application of state law is preempted by Section 301 where such application requires the interpretation of a CBA); *Firestone v. Southern California Gas Co.*, 219 F.3d 1063, 1067 (2000) (plaintiffs' overtime claims under the Labor Code were preempted by Section 301 of the LMRA where the CBA contained the formula for calculating overtime rates).

18. Accordingly, federal question jurisdiction exists because Plaintiff's claim for unpaid overtime, and all claims that derive therefrom, are preempted by Section 301 of the LMRA. *See, e.g., Curtis*, 913 F.3d at 1154 ("[A] civil complaint raising claims preempted by § 301 raises a federal question that can be removed to a federal court.").

19. **Cal. Labor Code § 512 Meal Break Exemption.** Likewise, Plaintiff is exempt from California's statutory meal break laws because he is a commercial driver "covered by a valid [CBA]… [that] expressly provides for [his] wages, hours of work, and working conditions… provides for meal periods for [him], final and binding arbitration of disputes concerning application of [the CBA's] meal period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate." Lab. Code § 512(e).

20. Because the 2020 CBA meets the requirements of Cal. Lab. Code § 512(e), Plaintiff's meal break claim is statutorily barred. *See Coria*, 63 F.Supp.3d at 1098 (N.D. Cal. 2014) (holding that § 512(e) statutorily barred plaintiff's meal break claim under California law); *see also* Cal. Lab. Code § 226.7(e) (providing that Section 226.7, which provides the remedy for meal and rest period violations, does not apply to any employee who is "exempt from meal or rest or recovery period requirements pursuant to other state laws, including but not limited to, a statute or regulation, standard, or order of the Industrial Welfare Commission."). Plaintiff's meal break claim thus confers an additional source of federal question jurisdiction because it is preempted by Section 301 of the LMRA. *See Radcliff v. San Diego Gas & Electric Co.*, 519 F.Supp.3d 743, 751-52 ("[B]ecause Defendants have shown that the

exemption in section 512(e) applies here, Plaintiff's meal period rights exist solely because of his CBA. [citation omitted]. As such, his PAGA action, which is predicated on these rights, is preempted by § 301 of the LMRA…. [citation omitted].); *see also Marquez*, 804 Fed. App'x at 679-81 (9th Cir. May 6, 2020) (holding that plaintiff's meal periods claims were preempted when the requirements of the § 512(e) exemption were satisfied).

21. Plaintiff's meal break claim is preempted for the addition reason that it cannot be adjudicated without interpreting the 2020 CBA's provisions regarding whether a compliant meal period under the 2020 CBA was provided. *See Schwanke v. Minim Prods., Inc.*, 2021 WL 4924772, at *6-7 (C.D. Cal. May 24, 2021) (finding meal period claim preempted under second step because "[a] court would need to interpret the agreement to assess the applicability of section 512(d) to a claim that meal periods were entirely missed or interrupted by work duties" and thus "requires interpretation of the CBA.").

22. For all of the foregoing reasons, Plaintiff's Complaint falls within the preemptive scope of Section 301 of the LMRA and removal is proper on the basis of federal question jurisdiction. *See, e.g.*, *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir. 2001) (a suit that involves an employer's alleged failure to comport with its contractually established duties pursuant to a CBA is preempted).

### *Federal Motor Carrier Safety Act Preemption*

23. On December 28, 2018, the Federal Motor Carrier Safety Administration ("**FMCSA**") issued a final order granting the Petition for Determination of Preemption of California's Meal and Rest Break Rules ("**MRB Rules**") for Commercial Motor Vehicle ("**CMV**") Drivers, finding that California's meal and rest break requirements contained in California Labor Code §§ 226.7 and 512 are preempted under 49 U.S.C. § 31141 as applied to property-carrying commercial motor vehicle drivers covered by the FMCSA's hours of service ("**HOS**") regulations. Docket No. FMCSA-2018-0304; 83 Fed. Reg. 67470; 2018 WL 6809341 (F.R.) December 28, 2018 ("Determination of

Preemption"). The FMCSA concluded, "[b]ecause California's MRB Rules impose the same types of restrictions on CMV driver duty and driving times as the FMCSA's HOS regulations, which were enacted pursuant to the Secretary's authority in section 31136, they are 'regulations on commercial motor vehicle safety.'" *Id*. at 67473. Accordingly, the FMCSA granted the Determination of Preemption, explicitly finding that California's "MRB Rules are preempted pursuant to 49 U.S.C. § 31141. California may no longer enforce the MRB Rules with respect to drivers of property-carrying CMVs subject to FMCSA's HOS rules." 83 Fed. Reg. at 67480.

24. In *Int'l Bhd. Of Teamsters, Loc. 2785 v. Fed. Motor Carrier Safety Admin.*, the Ninth Circuit upheld the FMCSA's preemption determination. 986 F.3d 841, 845-846 (9th Cir. 2021). "As a result, commercial motor vehicle drivers subject to the FMCSA's hours-of-service regulations may not bring claims under California's meal and rest break rules." *Valiente v. Swift Transportation Co. of Arizona, LLC*, 2021 WL 1799808, at *2 (C.D. Cal. April 5, 2021); *see also Connell v. Heartland Express, Inc.*, 2020 WL 813022 (C.D. Cal. Feb. 6, 2020) (dismissing meal and rest break claims based on FMCSA preemption).

25. As an interstate distributor, Sysco San Diego is a federal motor carrier registered with the FMCSA. Young Decl., ¶ 4. Sysco San Diego employs Semi-Trailer Drivers, including Plaintiff, who operate commercial trucks transporting fresh produce, meat, beverages, and other products in interstate commerce. *Id.*, ¶¶ 4-5.

26. Based on the FMCSA's Determination of Preemption under 49 U.S.C. § 31141, Plaintiff's claims for meal and rest break violations under California law are completely preempted by federal law. Consequently, they arise under federal law. 986 F.3d at 845-846; *see also*, *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("Once an area of state law has been completely preempted, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law."); *Retail Property Trust v. United Brotherhood of Carpenters and Joiners of America*, 768 F.3d 938, 947 (9th Cir. 2014) ("When a

plaintiff raises such a completely preempted state-law claim in his complaint, a court is obligated to construe the complaint as raising a federal claim and therefore 'arising under' federal law.") (citations omitted); *Razo v. Cemex Construction Materials Pacific, LLC*, 2021 WL 325638, at *4 (C.D. Cal. Feb. 1, 2021) (denying motion to remand because plaintiff's meal and rest break claims were completely preempted by FMCSA's HOS regulations).

## **SUPPLEMENTAL JURISDICTION**

27.  This Court has supplemental jurisdiction over the remainder of Plaintiff's claims under 28 U.S.C. §§ 1331, 1367(a), and 1441, as they form part of the same case or controversy as Plaintiff's claims preempted by the LMRA and the FMCSA's HOS regulations. *See City of Chicago v. Int'l Conference of Surgeons,* 522 U.S. 156, 156-59, 165 (1997) (the District Court properly permitted removal and exercised supplemental jurisdiction over plaintiff's state law claims where both of plaintiff's state and federal claims derived from "a common nucleus of operative fact."); *Castaneda v. Ardagh Glass Inc.*, 2024 WL 589088, at *4-5 (N.D. Cal. Feb. 13, 2024) (finding overtime claim preempted by Section 301 of the LMRA and exercising supplemental jurisdiction over plaintiff's remaining claims because they "arise from the same working conditions and relationship with Defendant during the same period as Plaintiff's overtime claim."); *Taylor v. NBC West, LLC*, 2020 WL 8268197, at *3 (C.D. Cal. Jan. 2, 2020) (exercising supplemental jurisdiction over claims for "waiting time penalties, failure to provide rest breaks, failure to provide accurate wage statements, and failure to reimburse business expenses" when overtime and failure to provide meal period claims were preempted by Section 301 of the LMRA).

## **VENUE**

28.  Venue lies in this Court because Plaintiff's action was filed in the Superior Court of California in and for the County of San Diego and is thus pending in this district and division.  Accordingly, Sysco San Diego is entitled to remove this action

to the United States District Court for the Southern District of California. *See* 28 U.S.C. § 1441(a).

## TIMELINESS OF REMOVAL

29. This removal is timely under 28 U.S.C. § 1446(b) and this case has not previously been removed to federal court. 28 U.S.C. § 1446(b)(1), (2)(A).

30. The Ninth Circuit has held and clarified that removal is timely <u>at any time</u> so long as (1) the face of the complaint does not plainly allege all elements needed for jurisdiction, and (2) plaintiffs have not served some other "paper" that concedes all elements needed for jurisdiction. *See Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125-26 (9th Cir. 2013) (a removing defendant may remove "on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines" set forth in 28 U.S.C. § 1446(b)(1) and (b)(3); "a defendant's subjective knowledge cannot convert a non-removable action into a removable one such that the thirty-day time limit of § 1446(b)(1) or (b)(3) begins to run against the defendant").[4]

31. Here, the Complaint does not plainly allege all elements needed for removal under federal question jurisdiction or any other basis, and Plaintiff has not served some other "paper" that concedes all elements needed for such removal. Therefore, neither of the otherwise applicable 30-day deadlines has started to run.

## RESERVATION OF RIGHTS

32. Sysco San Diego expressly reserves and does not waive its right to amend this Notice of Removal and/or offer evidence and/or further averments supporting the

---

[4] *See also Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014) (reaffirming Roth) ("We also recently held in *Roth v. CHA Hollywood Med. Ctr., L.P.* that the two 30-day periods are not the exclusive periods for removal.... In other words, as long as the complaint or 'an amended pleading, motion, order or other paper' does not reveal that the case is removable, the 30-day time period never starts to run and the defendant may remove at any time."); *Meza v. Pacific Bell Telephone Co.*, 2017 WL 3503408, at *2-3 (E.D. Cal. Aug. 16, 2017) (O'Neill, J.) (finding complaints based on, *inter alia*, alleged violations of the California Labor Code and the IWC Wage Orders did not explicitly invoke any federal law and, thus, defendant's removal based on federal question jurisdiction was timely because "neither of the thirty-day periods for removability under 28 U.S.C. § 1446 have begun to run.").

Court's jurisdiction over this action, including on the grounds of CAFA jurisdiction and/or traditional diversity jurisdiction.

33. In addition, nothing in this Notice of Removal is intended to be or should be construed as any type of express or implied admission by Sysco San Diego of any fact, of the validity or merits of any of Plaintiff's claims, causes of action, or allegations, or of any liability for the same, all of which are hereby expressly denied, or as any type of express or implied waiver or limitation of Sysco San Diego's rights, claims, remedies, and defenses in connection with this action, all of which are hereby fully and expressly reserved.

## NOTICE TO PLAINTIFF AND THE STATE COURT

34. Contemporaneously with the filing of this Notice of Removal in this Court, written notice of such filing will be served on Plaintiff's counsel of record as reflected in the attached Proof of Service. *See* 28 U.S.C. § 1446(d). A copy of this Notice of Removal will also be filed with the Clerk of the Superior Court of the State of California in and for the County of San Diego. *See id.*

**WHEREFORE**, Sysco San Diego respectfully requests that the above-captioned action now pending in the State Court be removed to this United States District Court.

Dated: September 22, 2025          **BAKER & HOSTETLER LLP**

By: */s/ Sylvia J. Kim*
Sylvia J. Kim, Esq.
Kerri H. Sakaue, Esq.
Matthew P. Eaton, Esq.

Attorneys for Defendant
SYSCO SAN DIEGO. INC.

# PROOF OF SERVICE

I am employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 600 Montgomery Street, Suite 3100, San Francisco, CA 94111-2806. On September 22, 2025, I served a copy of the within document(s):

**DEFENDANT SYSCO SAN DIEGO, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION**

☐ **By EMAIL** by electronically transmitting a copy of the document listed above via email to the address(es) as set forth below, in accordance with the parties' agreement to be served electronically pursuant to Code of Civil Procedure section 1010.6 and California Rule of Court 2.251(a) or court order. No error messages were received after said transmissions.

☑ **By US MAIL** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on September 22, 2025, at San Francisco, California.

             */s/ Michael Folger*
               Michael Folger

# **MAILING LIST**

| Thomas D. Rutledge, Esq.<br>16956 Via de Santa Fe, Suite 1847<br>Rancho Santa Fe, CA 92091-4606<br>Telephone: (619) 886-7224<br>Email: thomasrutledgelaw@gmail.com<br><br>Attorneys for Plaintiffs | |

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION